5/23/07
Adopted without
objection. Refered to
Mag. Pohorelsky for damages
determination. s/ Judge Dearie

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BALALLAN LIMITED,

                Plaintiff,

    - v -

GREEN OASIS ENVIRONMENTAL, INC., et al.,

                Defendants.
-------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-06-5959 (RJD)(VVP)

For the reasons that follow, I recommend that the answer of the defendants be stricken and that a default judgment be entered against them.

This action was commenced on November 3, 2006. The plaintiff seeks a declaratory judgment concerning rights to a European patent and the recovery of monies owed pursuant to various promissory notes and guaranties. Although the defendants failed to file a timely answer, they appeared by local counsel, James W. Badie, Esq., and subsequently filed an answer on February 15, 2007 as directed by court order. As later revealed to the court, however, Badie has had no direct contact with any of the defendants at any time. Rather, he has been acting at the direction of one Robert Van Der Wall, Esq., an attorney with whom he has had dealings in the past and who has been conveying instructions to him concerning actions to take on behalf of the defendants in this case. Van Der Wall, who has offices in Florida, has also been in direct contact with the plaintiff's counsel by telephone concerning this matter, but has not filed a notice of appearance on behalf of any of the defendants.

On February 1, 2007, the court held an initial scheduling conference and, upon consultation with counsel, entered a scheduling order and an order referring the matter to mediation. Pursuant to the scheduling order the plaintiff served discovery requests on the defendants. Responses to those discovery requests were due in early April, but have not been served to date. Given other events as described below, the court concludes that the defendants' failure to serve the responses is indicative of their abandonment of the defense of this action.

Pursuant to the mediation order, a mediator was selected and mediation was scheduled to occur on March 26, 2007. Shortly before the mediation, however, Van Der Wall telephoned the

plaintiff's counsel and advised them that the corporate defendants would be filing for bankruptcy protection shortly, and that the defendants had no intention of further participating in the litigation.[1] Van Der Wall then telephoned the mediator and unilaterally canceled the mediation.

The plaintiff promptly advised the court of the unilateral cancellation and sought an order compelling the defendants to appear for mediation or imposing sanctions. As an order compelling mediation was essentially moot at that point, the court issued an order to show cause requiring the defendants to respond in writing to the request for sanctions. Badie filed a written response on behalf of the defendants, and contemporaneously moved to withdraw as counsel for the defendants. The court then scheduled a hearing on the withdrawal motion by order dated April 12, 2007. In view of the events leading to the motion, and the statements made by Van Der Wall concerning the defendants' intention to declare bankruptcy and abandon defense of this action, the order setting the hearing date included the following language in boldface type:

> **WILLAM D. CARRAWAY AND AN OFFICER OR DULY AUTHORIZED MANAGING AGENT OF EACH OF THE CORPORATE DEFENDANTS MUST APPEAR IN PERSON AT THE ABOVE SCHEDULED HEARING. FAILURE TO APPEAR AT THE HEARING WILL SERVE AS GROUNDS FOR THE ENTRY OF AN ORDER STRIKING THEIR ANSWERS, AND A DEFAULT JUDGMENT.**

The order further directed Badie to serve copies of the order on each of the defendants and upon Van Der Wall by overnight courier, and to file a certification of service in the record. Badie has done so.

At the hearing held today, Badie informed the court that he has not heard from Van Der Wall since before the issuance of the court order scheduling today's hearing, despite attempts to contact him by telephone, and has not otherwise heard from any of the defendants.[2] Neither Van Der Wall, nor the defendants or anyone purporting to act on their behalf, appeared at the hearing. Nor has the court otherwise received any communication from any of the defendants or anyone purporting to act on their behalf. The plaintiff's counsel, however, informed the court

---

[1] The individual defendant, one William D. Carraway, is serving a prison sentence in a halfway house in North Carolina, having been convicted of tax fraud apparently unrelated to the instant dispute.

[2] The Federal Express package sent to Carraway at the halfway house was returned to Badie as undeliverable.

that their client has had direct communication from one Charles McLaughlin, one of the principals of the corporate defendants, who continues to threaten bankruptcy unless the plaintiff accedes to his settlement proposals.

Given the above sequence of events, the court concludes that, as expressly stated by Van Der Wall, the defendants do not intend to continue to defend this litigation. They have not fulfilled their discovery obligations and failed to appear for court-ordered mediation. They failed to appear at today's hearing despite clear warning that a failure to appear would serve as the basis for an order striking their answer and the entry of a default judgment. It is pointless to pursue litigation with defendants who do not communicate with their counsel of record and do not comply with court orders. Further proceedings would be pointless. Accordingly, I recommend that the defendants' answer be stricken and that a default judgment be entered against them.

*   *   *   *   *   *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298

(2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

> **COUNSEL FOR THE DEFENDANTS SHALL SERVE COPIES OF THIS REPORT AND RECOMMENDATION ON THE DEFENDANTS AND ON ROBERT VAN DER WALL, ESQ. BY REGULAR MAIL AND BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, AND SHALL FILE A CERTIFICATION OF SUCH SERVICE IN THE RECORD.**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         April 27, 2007